UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AGMAD BOTROS,

                            Plaintiff,                  **ORDER**
      -against-                                              CV 24-6720 (GRB)(AYS)

COUNTY OF NASSAU, NY,

                            Defendant.
-------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

      This is a civil rights action in which Plaintiff, Agmad Botros ("Plaintiff" or "Botros"), alleges that Defendant, County of Nassau, NY (the "County" or "Defendant"), violated his rights when Family Court Judge Darlene Harris found Plaintiff in contempt and ordered him arrested for failing to pay child support by its due date. (Compl., Docket Entry ("DE") [1].) On March 28, 2025, the County moved to dismiss Plaintiff's Complaint on the ground that it is not a proper party. (DE [15].) That motion remains sub judice. Currently pending before the Court is Plaintiff's motion to seal the within case in its entirety on the ground that the existence of this action in the public record is preventing him from obtaining employment. (DE [24].) The County does not oppose Plaintiff's motion to seal. (DE[25].

ANALYSIS

I.      Legal Standard

      "Both the common law and the First Amendment protect the public's right to access judicial documents." Dabiri v. Federation of the States Medical Bds. of the U.S., Inc., No. 08-CV-471, 2023 WL 3741978, at *1 (E.D.N.Y. May 31, 2023) (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006)). However, "the right to inspect and copy judicial records is not absolute." Continental Indem. Co. Timothy Coffey Nursery, No. 2:21-CV-

0853, at *2 (E.D.N.Y. Feb. 14, 2022) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)). Rather, such "documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." Lugosch, 435 F.3d at 124. The party seeking to seal a document – or, in this case, the entire case record – bears the burden of demonstrating that such action is required. See DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 826 (2d Cir. 1997).

The Second Circuit has articulated a "three-step inquiry" for determining whether documents should be sealed. Mirlis v. Greer, 952 F.3d 51, 59 (2d Cir. 2020). First, a court must determine whether the records sought to be sealed are "judicial documents" – documents that are "relevant to the performance of the judicial function and useful in the judicial process" – to which the presumptive right of access attaches. Lugosch, 435 F.3d at 119. Second, if a court concludes that such documents qualify as judicial documents, "it must determine the weight of the presumption in favor of public access." Dabiri, 2023 WL 341978, at *2 (citing Lugosch, 435 F.3d at 119). Third, a court "must balance competing considerations against" that presumption. Lugosch, 435 F.3d at 120. "'Such countervailing factors may include 'the privacy interests of those resisting disclosure.'" Dabiri, 2023 WL 341978, at *2 (quoting Lugosch, 435 F.3d at 120).

II.     The Motion to Seal is Denied

As to the first step, Plaintiff herein seeks to seal the entire case record which, other than administrative items such as Scheduling Orders, consists only of Plaintiff's Complaint, his application for in forma pauperis status and the resulting decision, the parties' motion to dismiss briefing, and the instant motion to seal. These are quintessential judicial documents to which the presumptive right of access attaches. See, e.g., Bernstein v. Bernstein Litowtiz Berger & Grossmann LLP, 814 F.3d 132, 139-40 (2d Cir. 2016) (finding a complaint to be a judicial

document); Alcon Vision, LLC v. Lens.com, No. 18-CV-0407, 2020 WL 3791865, at *6 (E.D.N.Y. July 7, 2020) ("Court filings in connection with a motion to dismiss are . . . judicial documents."); Moroughan v. County of Suffolk, No. 12-CV-0512, 2021 WL 280053, at *2 (E.D.N.Y. Jan. 24, 2021) (stating that "it is axiomatic that a court's orders and written opinions are 'judicial documents'").

With respect to the second step, Plaintiff "'seeks to hide the entirety of the case from the public eye,' so the presumption of public access 'has extraordinarily substantial weight.'" Dabiri, 2023 WL 341978, at *2 (quoting Zabolotsky v. Experian, No. 19-CV-11832, 2021 WL 106416, at *2 (S.D.N.Y. Jan. 12, 2021)). Moreover, "the individual judicial documents noted above likewise enjoy a 'particularly strong presumption of public access.'" Dabiri, 2023 WL 341978, at *2 (quoting Encylcopedia Brown Prods., Ltd. v. Home Box Office, Inc., 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998)). "Thus, the 'presumption of access is at its zenith.'" Dabiri, 2023 WL 341978, at *2 (quoting Bernstein, 814 F.3d at 142).

Finally, as to countervailing factors, Plaintiff argues that the existence of this action on the public docket has prevented him from obtaining employment, stating that during a recent interview with a hospital in Virginia, he was asked multiple questions about this case. (DE [24].) However, "[a] possibility of future adverse impact on employment . . . is not a 'higher value' sufficient to overcome the presumption of access to judicial documents." Under Seal v. Under Seal, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017) (quoting Lugosch, 435 F.3d at 120). Nor does a party's "[g]eneralized concern[] of adverse publicity" and "reputational injury" warrant sealing. Bronx Conservatory of Music, Inc. v. Kwoka, No. 21-CV-1732, 2021 WL 2850632, at *3 (S.D.N.Y. July 8, 2021) (quoting Bernstein v. O'Reilly, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018)) (additional citations omitted).

Based on the foregoing, the documents sought to be sealed – the entire case record – are judicial documents and Plaintiff has not made the necessary showing to overcome the presumption of access that attaches to such documents. Accordingly, the motion to seal is denied.

**SO ORDERED.**

Dated: Central Islip, New York
September 24, 2025

    /s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge